IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC., | No. C 13-02403 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CHAMPION FIBERGLASS, INC., | |
| Defendant. | |

Currently before the Court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for November 22, 2013. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss.

**BACKGROUND**

The following allegations are taken from the complaint. Plaintiff ATS Products, Inc. ("ATS") is a California corporation. Compl. ¶ 1. ATS owns trade secrets relating to: (1) "formulas for making fire-safe plastics by combining phenol-resorcinol resins with catalysts and/or fillers," and (2) "information regarding the best methods and practices for using resins, hardeners and fillers to manufacture plastic products." *Id.* ¶ 5. Defendant Champion Fiberglass, Inc. ("Champion") is a Texas

corporation. *Id.* ¶ 2. During the 2000s, Champion worked with ATS's predecessor in interest, Shea Technology, to develop an electrical conduit built using ATS's resins. *Id.* ¶ 9. Throughout that process, Champion worked with employee, Frank Ghiorso.

In 2007, Ghiorso allegedly formed Thermalguard Technology, LLC and began building resins using ATS's misappropriated trade secrets. *Id.* ¶ 9. In 2009 and 2010, Champion purchased resins from Thermalguard Technology, LLC. *Id.* In 2010, Champion's president and Ghiorso formed a new company, Thermalguard, LLC, together. *Id.* On October 28, 2010, ATS brought suit against Ghiorso and his companies, Thermalguard Technology, LLC, and Thermalguard, LLC, alleging violations of ATS's trade secret rights. *Id.* ¶ 8. Throughout that litigation, Champion paid for the defense of all of the defendants. *Id.* The case proceeded to trial and ATS prevailed. *Id.* ¶ 10.

ATS alleges that Champion used the resins it purchased from the Thermalguard companies to produce its Flame Shield product, which it then sold to Bay Area Rapid Transit ("BART"), in California. *Id.* ¶¶ 13-15.

On May 28, 2013, ATS filed suit alleging three causes of action: (1) violation of California's Uniform Trade Secrets Act ("CUTSA"); (2) conspiracy to violate CUTSA; and (3) unfair competition. On September 19, 2013, Champion filed this motion to dismiss all causes of action in ATS's complaint.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S.

1   at 557). "While legal conclusions can provide the framework of a complaint, they must be supported
2   by factual allegations." *Id.*

3   In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the
4   complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d
5   949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are
6   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.*
7   *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials
8   beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th
9   Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of
10  "matters of public record," such as prior court proceedings, without thereby transforming the motion
11  into a motion for summary judgment. *Id.* at 688-89. If the Court dismisses a complaint, it must decide
12  whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should
13  grant leave to amend even if no request to amend the pleading was made, unless it determines that the
14  pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,
15  1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

18  The Court must address two preliminary matters before proceeding to the substantive analysis
19  of Champion's motion. First, Champion asks the Court to take judicial notice of excerpts of the trial
20  court transcript from the prior litigation discussed above. ATS asks the Court to take judicial notice of
21  the document entitled Findings of Fact, Conclusions of Law, and Permanent Injunction, also from the
22  prior litigation. Neither party opposes the other's request. Accordingly, the Court finds that it is
23  appropriate to take judicial notice of these documents. *See* Fed. R. Evid. 201.

24  Second, the parties' briefing in this matter raised some choice of law concerns. Specifically,
25  ATS contends that California law, Texas law, or federal law may be the appropriate law to apply to this
26  case, and that at this early stage of the litigation, it is impossible to determine which law to apply.
27  Opposition to Motion to Dismiss at 13-14. A court sitting in diversity jurisdiction applies the law of
28  the forum state to determine choice of law issues. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002).

3

1  However, because this case is in the pleading stage and the record has not yet been developed, the Court
2  lacks sufficient information to perform a choice of law analysis at this juncture. Thus, the Court may
3  only grant Champion's motion if ATS has failed to state a viable claim under any of the potentially
4  available laws. *See Chiquita Fresh v. Greene Transp.*, No. C-11-06683 DMR, 2012 WL 1669395, at
5  *4 (N.D. Cal. May 11, 2012).

**1.  ATS's Claim for Violation of CUTSA.**

ATS's first cause of action alleges that Champion violated CUTSA through "misappropriation and/or other wrongful use of ATS's Trade Secrets." Compl. ¶ 20. This cause of action is premised on allegations that Champion acquired resins made using ATS's trade secrets from third parties, and used those resins in the Flame Shield product it sold to BART. *Id.* For this violation, ATS seeks money damages and injunctive relief. *Id.* ¶¶ 21-26.

A cause of action under CUTSA requires that: (1) the plaintiff possessed a trade secret; (2) the defendant misappropriated that trade secret through acquisition, disclosure, or use; and (3) the plaintiff suffered actual or threatened injury. *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 220 (Cal. Ct. App. 2010). CUTSA defines a "trade secret" as

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d). A defendant may misappropriate a trade secret through improper acquisition, disclosure, or use of the trade secret. *Id.* § 3426.1(b).

ATS alleges that Champion misappropriated its trade secrets through both acquisition and use. Compl. ¶ 20. For the following reasons, the Court finds that ATS has sufficiently alleged misappropriation through acquisition, but not through use.

Misappropriation of another's trade secret "can occur through improper *acquisition* of a trade secret, not only through use." *San Jose Const., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1544 (Cal. Ct. App. 2007) (emphasis in original). The term acquisition "implies more than passive reception; it

4

implies pointed conduct intended to secure dominion over the thing . . . ." *Silvaco*, 184 Cal. App. 4th at 223. ATS alleges in its complaint that its resins are susceptible to being reverse engineered to disclose ATS's trade secrets. Compl. ¶ 15. It further alleges that Champion acquired those resins, knowing, or having reason to know, that the resins had been created utilizing trade secrets improperly acquired from ATS. *Id.* ¶ 20. These allegations are sufficient to establish a viable claim of misappropriation through wrongful acquisition of trade secrets.

Champion argues that, at most, it acquired the resins and not the trade secrets themselves, and ATS has therefore failed to state a viable claim of misappropriation. Motion to Dismiss at 6-7. However, ATS's complaint sufficiently alleges that the resins are susceptible to reverse engineering which would, in turn, yield the trade secrets to anyone who possessed the resins. Compl. ¶ 15. Champion, therefore, acquired ATS's trade secrets when it acquired the resins from third parties. Thus, ATS has stated a viable claim for misappropriation by wrongful acquisition.

Champion next argues that, even if the resins are capable of being reverse engineered, ATS is judicially estopped from making this argument by virtue of statements made during the prior litigation. Reply at 1-2. Specifically, during opening statements in the prior litigation, ATS's predecessor in interest took the position that consumers who buy the resins do not get the information that ATS has claimed is a trade secret; instead, they only get the resins themselves. Defendant's Request for Judicial Notice, Ex. A.

On the basis of the record currently before the Court, no determination can be made regarding whether the elements of judicial estoppel apply to this prior statement. In the context of a Rule 12(b)(6) motion, the Court cannot look outside the scope of the pleadings and the documents the Court has determined are subject to judicial notice. To determine whether the position ATS asserts is actually inconsistent with the position it took in prior litigation, the Court would need to look far beyond this limited set of documents. In the current procedural posture, the Court will not apply judicial estoppel to preclude ATS from asserting the position it now takes. *See QWest Corp. v. City of Globe, Ariz.*, 237 F. Supp. 2d 1115, 1119 (D. Ariz. 2002).

However, to the extent ATS alleges misappropriation based on Champion's use of its trade secrets, the Court finds that it has not stated a claim on which relief can be granted. One "uses" a trade

5

secret when one directly exploits that secret for one's personal gain. *Silvaco*, 184 Cal. App. 4th at 224. "But 'use' in the ordinary sense is not present when the conduct consists entirely of possessing, and taking advantage of, *something that was made* using the secret." *Id.* (emphasis in original). ATS has not alleged that Champion exploited its trade secrets for its own gain, an act that would constitute use. ATS has only alleged that Champion used the resin – not the trade secret formulas – to create the Flame Shield product that it eventually sold to BART. Compl. ¶ 13. Thus, ATS has not alleged sufficient facts to support a viable claim for misappropriation through use of its trade secrets.

Accordingly, to the extent ATS alleges misappropriation based on acquisition of its trade secrets, the Court DENIES Champion's motion to dismiss. To the extent ATS alleges misappropriation based on use of its trade secrets, the Court GRANTS Champion's motion to dismiss, with leave to amend.

**2.     ATS's Claim for Conspiracy to Violate CUTSA.**

ATS's second cause of action for conspiracy to violate CUTSA alleges that, over the past three years, Champion "gave aid, comfort, and encouragement to third persons . . . to build resins which [it] and said third persons knew would be built in violation of ATS's rights in the ATS Trade Secrets." Compl. ¶ 28. ATS further alleges that Champion placed orders with foreign companies to build resins incorporating ATS's trade secrets, those parties built the resins, and Champion then imported the resins into this country and incorporated them into its own products. *Id.*

To establish a viable claim for civil conspiracy, a plaintiff must show: "(1) the formation and operation of a conspiracy; (2) wrongful conduct in furtherance of a conspiracy; and (3) damages arising from the wrongful conduct." *Brooks v. Gomez*, No. 10-01873 SBA, 2013 WL 496339, at *8 (N.D. Cal. Feb. 7, 2013) (citing *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571 (Cal. Ct. App. 1995)). ATS has not alleged sufficient facts to raise a plausible claim of conspiracy. *See Iqbal*, 556 U.S. at 678. The complaint's allegation that Champion "gave aid, comfort, and encouragement to third persons," is insufficient to satisfy Rule 8's pleading standards. *See Twombly*, 550 U.S. at 557 (stating that a complaint that tenders only "naked assertions" devoid of "further factual enhancement" cannot satisfy Rule 8). ATS's complaint lacks sufficient facts to establish a plausible claim of civil conspiracy.

1  However, if given the opportunity to amend its complaint, ATS may well be able to allege sufficient
2  facts to establish a viable conspiracy claim.
3        Accordingly, the Court GRANTS Champion's motion to dismiss ATS's cause of action for civil
4  conspiracy, with leave to amend.

### 3. ATS's Unfair Competition Claim.

ATS's final cause of action alleges that Champion engaged in unfair competition by selling products incorporating resins made utilizing ATS's trade secrets. Compl. ¶¶ 35-37. ATS acknowledges that this cause of action is based on precisely the same set of facts it uses to support its first cause of action for violation of CUTSA. Champion argues that ATS cannot assert this claim because it is preempted by CUTSA under California law. ATS concedes this point, but argues that, at this stage of the litigation, it is too soon to tell whether California, Texas, or federal law will be the operative law for the Court to apply, and that it states a viable unfair competition claim under Texas law. As noted above, the Court cannot decide the choice of law question on the record currently before it, and therefore must determine whether ATS indeed states a plausible claim for relief under Texas law.

Texas recognizes a common law claim for unfair competition based on misappropriation. *See U.S. Sporting Prods. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App. 1993). Its elements are:

> (I) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff.

*Id.*

ATS has failed to allege sufficient facts to support a plausible misappropriation claim under Texas law. Specifically, ATS has not alleged any facts in support of the second element of the cause of action: that Champion used a misappropriated product in competition with ATS. ATS has not, therefore, established a viable claim for unfair competition under Texas law.

7

Accordingly, the Court GRANTS Champion's motion to dismiss ATS's cause of action for unfair competition, with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Champion's motion to dismiss with regard to the cause of action for violation of CUTSA by acquisition of a trade secret; GRANTS the motion to dismiss with regard to the cause of action for violation of CUTSA by use of a trade secret, with leave to amend; GRANTS the motion to dismiss with regard to the cause of action for conspiracy to violate CUTSA, with leave to amend; and GRANTS the motion to dismiss with regard to the cause of action for unfair competition, with leave to amend. Any amended complaint must be filed not later than **December 11, 2013.** This order resolves Docket No. 9.

**IT IS SO ORDERED.**

Dated: November 19, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE