IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> CHAMPION FIBERGLASS, INC., <br><br>    Defendant. | No. C 13-02403 SI <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Currently before the Court is defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for February 7, 2014. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss the first amended complaint, without further leave to amend.

## BACKGROUND

**1.    Factual Background.**

Plaintiff ATS Products, Inc. ("ATS") is a California corporation. Docket No. 25, First Amended Complaint ("FAC"), ¶ 1. Defendant Champion Fiberglass, Inc. ("Champion") is a Texas corporation. *Id.* ¶ 2. The following allegations are taken as true for purposes of the present motion. ATS owns trade secrets relating to "confidential and proprietary information concerning the ingredients, and relative weights of those ingredients for making fire-safe plastics by combining phenol-resorcinol resins with catalysts and/or fillers." *Id.* ¶ 5. During the 2000s, Champion worked with ATS's predecessor in interest, Shea Technology, to develop an electrical conduit built using ATS's resins. *Id.* ¶ 10. Throughout that process, Champion worked with Frank Ghiorso, an employee of Shea Technology.

In 2007, Ghiorso allegedly formed Thermalguard Technology, LLC and began building resins using ATS's misappropriated trade secrets. *Id.* In 2009 and 2010, Champion purchased resins from Thermalguard Technology, LLC. *Id.* In 2010, Champion's president and Ghiorso formed a new company, Thermalguard, LLC, together. *Id.* On October 28, 2010, ATS brought suit against Ghiorso and his companies, Thermalguard Technology, LLC, and Thermalguard, LLC, alleging violations of ATS's trade secret rights. *Id.* ¶ 9. Throughout that litigation, Champion paid for the defense of all the defendants. *Id.* ¶ 10. The case proceeded to trial and ATS prevailed. *Id.* ¶ 11. ATS alleges that Champion used the resins it purchased from the Thermalguard companies to produce its Flame Shield product, which it then sold to Bay Area Rapid Transit ("BART"), in California. *Id.* ¶¶ 15-20.

**2.    Procedural History.**

On May 28, 2013, ATS filed this suit against Champion, alleging three causes of action: (1) violation of California's Uniform Trade Secrets Act ("CUTSA"); (2) conspiracy to violate CUTSA; and (3) unfair competition. *Id.* ¶¶ 19-38. On November 19, 2013, the Court granted in part and denied in part Champion's motion to dismiss all causes of action in ATS' complaint. Docket No. 21, Order Granting In Part and Denying In Part Def. Mot. to Dismiss ("Order"). ATS was given leave to amend its complaint. *Id.*

On December 10, 2013, ATS filed an amended complaint. The amended complaint alleges the same three causes of action, with some additional facts pled in support of those claims. Champion now moves to dismiss ATS's first cause of action for violation of CUTSA and ATS's third cause of action for unfair competition. Docket No. 30, Defendant's Motion to Dismiss the First Amended Complaint ("Def.'s Mot.").

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer

2

possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings, without thereby transforming the motion into a motion for summary judgment. *Id.* at 688-89. If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.    ATS's Claim for Violation of CUTSA.**

ATS alleged in its initial complaint that Champion violated CUTSA by misappropriating trade secrets both through acquisition and use. Compl. ¶ 20. In ruling on Champion's motion to dismiss ATS's original complaint, the Court determined that ATS sufficiently alleged misappropriation through acquisition, but not through use of ATS's trade secrets. Order at 4-6. ATS then amended its CUTSA

3

claim, limiting the alleged misappropriation to acquisition only. FAC ¶¶ 17-19, 23. For the following reasons, the Court finds that ATS has sufficiently alleged misappropriation through acquisition.

A cause of action under CUTSA requires that: (1) the plaintiff possessed a trade secret; (2) the defendant misappropriated that trade secret through acquisition, disclosure, or use; and (3) the plaintiff suffered actual or threatened injury. *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 220 (2010). CUTSA defines a "trade secret" as:

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d). Thus, "misappropriation can occur through improper acquisition of a trade secret, not only through use." *San Jose Const., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1543 (2007).

ATS has sufficiently alleged facts to support a claim for misappropriation. ATS's alleged trade secrets consist of "confidential and proprietary information concerning the ingredients, and relative weights of those ingredients, for making fire-safe plastics by combining phenol-resorcinol resins with catalysts and/or fillers." FAC ¶ 23. ATS alleges that its resins are susceptible to being reverse engineered to disclose ATS's trade secrets. *Id.* ¶ 18. Champion allegedly acquired those resins knowing, or having reason to know, that the resins had been created utilizing trade secrets improperly acquired from ATS. *Id.* ¶¶ 9-13, 17-23. ATS further alleges that, "[a]s a proximate result of said actions, ATS has sustained damages in California in amounts currently unknown for lost sales and/or lost royalties, on the sale of ATS Trade Secret resins and products derived therefrom and/or for damages to ATS's reputation." *Id.* ¶ 24. These allegations are sufficient to state a viable claim for misappropriation through wrongful acquisition of trade secrets.

Champion argues that ATS failed to sufficiently plead the injury element because, according to Champion, ATS only alleges that damage resulted from the use of the resins in making the Flame Shield product, rather than from the acquisition of trade secrets embedded in them. Def.'s Mot. at 5-6. Champion further contends that its "mere possession of a product from which a trade secret allegedly can be ascertained through reverse engineering, but which has not been so ascertained, cannot possibly cause

4

damage." *Id.* at 6. Viewing the allegations in the light most favorable to ATS, as the Court must in a motion to dismiss, the Court cannot say that there is no set of facts by which ATS may prove injury. *See National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) ("At the pleading stage, general factual allegations of injury from the defendant's conduct may suffice.").

When a party misappropriates a trade secret, the actual owner of the trade secret forfeits a degree of control over the information. *Silvaco*, 184 Cal. App. 4th at 220-21 ("The *sine qua non* of a trade secret . . . is the plaintiff's possession of information of a type that can, at the possessor's option, be made known to others, or withheld from them . . . . Trade secret law . . . protects . . . the right to control the dissemination of information.") (emphasis omitted). It is possible for a party to suffer injury when another party gains control of trade secret information through improper acquisition. *See Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal. App. 4th 288, 296 (2008) ("The statute allows a complainant to recover damages for the actual loss caused by a misappropriation, and to recover for the unjust enrichment caused by the misappropriation.").

Accordingly, the Court finds that ATS has pled sufficient facts to state a claim for misappropriation through acquisition, and therefore DENIES Champion's motion to dismiss the first cause of action.

**2.    ATS's Unfair Competition Claim.**

In its third cause of action, ATS alleges that Champion engaged in unfair competition under Texas state law, by selling products incorporating resins made utilizing ATS's trade secrets. FAC ¶¶ 44-49. In ruling on the first motion to dismiss, the Court found that ATS's original complaint had not alleged sufficient facts to show that Champion used a misappropriated product in competition with ATS. Order at 7. Champion now asserts that the FAC does not cure that deficiency. For the following reasons, the Court finds that ATS has not established a viable claim for unfair competition under Texas law.

Texas recognizes a common law claim for unfair competition based on misappropriation. *See U.S. Sporting Prods. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App. 1993). Its elements are:

> (i) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the

>plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff.

*Id.* There must be direct competition in order to satisfy the second element of common-law misappropriation. *See Loeb v. Turner*, 257 S.W.2d 800 (Tex. Civ. App. 1953).

ATS has again failed to adequately plead the "competition" requirement. Specifically, ATS has not alleged that it makes an electrical conduit that competes with Champion's Flameshield product, or that ATS and Champion sell the same or similar products. Additionally, there are no facts to suggest that Champion competes with ATS in selling resins, or that ATS and Champion competed for the BART project. Thus, ATS's complaint lacks sufficient facts to state a plausible claim for unfair competition under Texas law. Further leave to amend will not be given, since leave to amend was already given on this very issue.

Accordingly, the Court GRANTS Champion's motion to dismiss ATS's cause of action for unfair competition, without leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES Champion's motion to dismiss the first amended complaint with regard to the cause of action for violation of CUTSA by acquisition of a trade secret, and GRANTS the motion to dismiss with regard to the cause of action for unfair competition. This order resolves Docket No. 30.

**IT IS SO ORDERED.**

Dated: February 3, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE