UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC,<br><br>    Plaintiff,<br><br>       v.<br><br>CHAMPION FIBERGLASS, INC.,<br><br>    Defendant. | Case No. 13-cv-02403-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 53, 58 |

Plaintiff's motion for leave to file a second amended complaint, and defendant's motion for a protective order, are scheduled for a hearing on November 13, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that plaintiff's motion for leave to file a second amended complaint is appropriate for resolution without oral argument. The Court VACATES the hearing on that matter, and GRANTS the motion for leave to file an amended complaint for the reasons set forth below. The Court also VACATES the hearing on the motion for a protective order. The Court will address discovery issues with the parties at the November 14, 2014 case management conference. <u>The second amended complaint must be filed by noon on November 14, 2014.</u>

## BACKGROUND

**1.    Factual Background**

Plaintiff ATS Products, Inc. ("ATS") is a California corporation. Docket No. 25, First

Amended Complaint ("FAC"), ¶ 1. Defendant Champion Fiberglass, Inc. ("Champion") is a Texas corporation. *Id*. ¶ 2. The following allegations are taken as true for purposes of the present motion. ATS owns trade secrets relating to "confidential and proprietary information concerning the ingredients, and relative weights of those ingredients for making fire-safe plastics by combining phenol-resorcinol resins with catalysts and/or fillers." *Id*. ¶ 5. During the 2000s, Champion worked with ATS's predecessor in interest, Shea Technology, to develop an electrical conduit built using ATS's resins. *Id*. ¶ 10. Throughout that process, Champion worked with Frank Ghiorso, an employee of Shea Technology.

In 2007, Ghiorso allegedly formed Thermalguard Technology, LLC and began building resins using ATS's misappropriated trade secrets. *Id*. In 2009 and 2010, Champion purchased resins from Thermalguard Technology, LLC. *Id*. In 2010, Champion's president and Ghiorso formed a new company, Thermalguard, LLC. *Id*. On October 28, 2010, ATS brought suit against Ghiorso and his companies, Thermalguard Technology, LLC, and Thermalguard, LLC, alleging violations of ATS's trade secret rights, *ATS Products, Inc. v. Frank Ghiorso, et al.*, Case No. C 10-4880 BZ. *Id*. ¶ 9. Throughout that litigation, Champion paid for the defense of all the defendants. *Id*. ¶ 10. The case proceeded to trial and ATS prevailed. *Id*. ¶ 11. ATS alleges that Champion used the resins it purchased from the Thermalguard companies to produce its Flame Shield product, which it then sold to Bay Area Rapid Transit ("BART"), in California. *Id*. ¶¶ 15-20.

**2. Procedural History**

On May 28, 2013, ATS filed this suit against Champion, alleging three causes of action: (1) violation of California's Uniform Trade Secrets Act ("CUTSA") by misappropriation of a trade secret through acquisition and by use; (2) conspiracy to violate CUTSA; and (3) unfair competition. *Id*. ¶¶ 19-38. On November 19, 2013, the Court granted in part and denied in part Champion's motion to dismiss all causes of action in ATS' complaint. Docket No. 21, Order Granting In Part and Denying In Part Def. Mot. to Dismiss ("Order"). In that order, the Court held that plaintiff had not sufficiently alleged misappropriation of a trade secret through use:

> One "uses" a trade secret when one directly exploits that secret for one's personal gain. *Silvaco*, 184 Cal. App. 4th at 224. "But 'use' in the ordinary sense is not present when the conduct consists entirely of possessing, and taking advantage of, something that was made using the secret." *Id*. (emphasis in original). ATS has not alleged that Champion exploited its trade secrets for its own gain, an act that would constitute use. ATS has only alleged that Champion used the resin – not the trade secret formulas – to create the Flame Shield product that it eventually sold to BART. Compl. ¶ 13. Thus, ATS has not alleged sufficient facts to support a viable claim for misappropriation through use of its trade secrets.

Dkt. No. 21 at 5:28-6:7. ATS was given leave to amend its complaint.

On December 10, 2013, ATS filed an amended complaint. The amended complaint alleged the same three causes of action,[1] with some additional facts pled in support of those claims. Champion moved to dismiss ATS's first cause of action for violation of CUTSA and ATS's third cause of action for unfair competition. Defendant did not move to dismiss the second cause of action for conspiracy to misappropriate a trade secret through acquisition. The Court held that plaintiff had stated a claim for violation of CUTSA by misappropriation of a trade secret through acquisition:

> ATS's alleged trade secrets consist of "confidential and proprietary information concerning the ingredients, and relative weights of those ingredients, for making fire-safe plastics by combining phenol-resorcinol resins with catalysts and/or fillers." FAC ¶ 23. ATS alleges that its resins are susceptible to being reverse engineered to disclose ATS's trade secrets. *Id*. ¶ 18. Champion allegedly acquired those resins knowing, or having reason to know, that the resins had been created utilizing trade secrets improperly acquired from ATS. *Id*. ¶¶ 9-13, 17-23. ATS further alleges that, "[a]s a proximate result of said actions, ATS has sustained damages in California in amounts currently unknown for lost sales and/or lost royalties on the sale of ATS Trade Secret resins and products derived therefrom and/or for damages to ATS's reputation." *Id*. ¶ 24. These allegations are sufficient to state a viable claim for misappropriation through wrongful acquisition of trade secrets.

Dkt. No. 37 at 4:13-23. The Court dismissed the claim for unfair competition without leave to amend.

---

[1] Although the amended complaint alleged a violation of CUTSA, the amended complaint only alleged a violation of that statute by misappropriation of a trade secret through acquisition, not through use.

3

Plaintiff now seeks leave to file a second amended complaint. The proposed second amended complaint adds (1) claims for declaratory relief and injunction arising from the previous *Ghiorso* case under the doctrine of collateral estoppel, (2) a claim for conspiracy to misappropriate a trade secret through use, and (3) a claim for receipt of stolen property.

**DISCUSSION**

Defendant argues that amendment should be denied because plaintiff has not made any showing that amendment is in the interest of justice. Defendant contends that plaintiff has unduly delayed in seeking to amend the complaint, and that all of the new allegations are based on information long known to the plaintiff. Plaintiff asserts that it is in the interest of justice to allow the amendment because the proposed amended complaint clarifies the allegations in this case and will help shape the scope of discovery. The Court is not persuaded that plaintiff has unduly delayed in seeking to amend the complaint, and in light of the policy favoring amendment, the Court will grant plaintiff leave to amend the complaint. However, plaintiff is advised that the Court expects that the pleadings will be resolved shortly, and that plaintiff will not seek to further amend the complaint.

Defendant also argues that amendment should be denied because (1) the collateral estoppel claims are unnecessary because the current complaint already alleges that defendant is bound by the prior case under collateral estoppel, (2) the allegations regarding the injunctive relief sought in this case based upon the judgment in the *Ghiorso* case are inconsistent with ATS' representations to the *Ghiorso* court that ATS did not seek to bind Champion by the judgment in that case, (3) the proposed claim for conspiracy to misappropriate a trade secret through use seeks to resurrect a theory that the court has already rejected, and (4) the conspiracy and receipt of stolen property claims are preempted by CUTSA.

Plaintiff responds that the allegations regarding collateral estoppel "provide a vehicle by which the Court can make decisions, whether by pretrial or trial proceedings, about the effects of the *Ghiorso* judgment" as was contemplated by earlier discussions at a CMC, and that the

4

allegations regarding injunctive relief based upon the *Ghiorso* judgment are proper because the proposed complaint alleges that defendant continues to collude with Ghiorso in violation of that judgment. While the Court agrees with defendant that a separate cause of action seeking collateral estoppel is not necessary to put that issue before the Court, the proposed amendments do clarify the issues, and therefore the Court will grant leave to amend the complaint. With regard to the new claims for injunctive relief based upon the *Ghiorso* judgment, the Court finds that defendant's arguments go to the merits of whether such injunctive relief would be appropriate, and are not a bar to permitting plaintiff to amend the complaint.

As for the remaining proposed allegations, plaintiff argues that the proposed conspiracy claim does not resurrect a theory previously rejected by the Court. As an initial matter, plaintiff notes that the proposed second amended complaint does not seek to allege a violation of CUTSA by misappropriation of a trade secret through use, and instead seeks to allege a claim for conspiracy to misappropriate a trade secret through use. Plaintiff also notes that its earlier claim for violation of CUTSA by misappropriation of a trade secret through use was dismissed with leave to amend. The proposed second amended complaint alleges,

> 77. Within the last three years, CHAMPION and one or more of the Conspiring Companies conspired to misappropriate ATS Ingredient Trade Secrets by wrongful use (the "Use Conspiracy"). More specifically, CHAMPION and that Conspiring Company agreed that:
>
> a. CHAMPION would place orders for Thermalguard Resins (which CHAMPION knew or should have known could be built only by misappropriating ATS Ingredient Trade Secrets by wrongful use);
>
> b. the Conspiring Company, or its agent, would use the ATS Ingredient Trade Secret to build Thermalguard Resins;
>
> c. the Conspiring Company would sell Thermalguard Resins to CHAMPION (as a result of which CHAMPION would gain possession of resins, embodying and exploiting the ATS Ingredient Trade Secrets);
>
> d. CHAMPION would pay the Conspiring Company for the Thermalguard Resins;
>
> e. CHAMPION would import into the United States the Thermalguard Resins purchased from a Conspiring Company.

> 78. Pursuant to the Use Conspiracy (or those conspiracies), one or more of the Conspiring Companies, or their agents, misappropriated ATS Ingredient Trade Secrets by using them to create Thermalguard resins, without ATS' authority or consent. The Conspiring Company (or Companies) then sold those Thermalguard Resins to CHAMPION. CHAMPION, in turn, purchased and imported those Thermalguard Resins into the United States, without ATS' authority, knowing those Thermalguard Resins had been built using ATS Ingredient Trade Secrets in violation of ATS'rights.

Dkt. 53-2. Plaintiff argues that to the extent defendant contends that the proposed conspiracy claim does not state a claim, the parties should address that in separate briefing on a motion to dismiss.

Based upon the record before the Court, the Court cannot conclude that the proposed conspiracy claim does not state a claim, and therefore the Court will allow plaintiff to file the proposed amended complaint. The Court notes that in the earlier order, the Court concluded that plaintiff had not sufficiently alleged misappropriation by use because the complaint only alleged that defendant used the resin, and did not use the trade secrets themselves. Here, the proposed amendment alleges that defendant conspired with other companies by placing orders for resin that it knew could only be created by using plaintiff's trade secrets, that those companies used the trade secrets to create the resin, and then that defendant used the resin to make its own products. The Court did not address in its prior order whether such allegations of conspiracy to use stated a claim. Defendant may bring a motion to dismiss this claim, and the Court will evaluate whether the conspiracy allegations state a claim with the benefit of fuller briefing on this issue.

Similarly, the Court finds that the preemption question is better decided in the context of a motion to dismiss rather than on the current pleadings. Plaintiff notes that defendant did not move to dismiss on preemption grounds the conspiracy claim alleged in the operative complaint, and that those conspiracy allegations are very similar to the proposed new conspiracy claim.

Accordingly, the Court GRANTS plaintiff's motion for leave to file a second amended complaint. The second amended complaint must be filed by **noon** on **November 14, 2014**. At the case management conference scheduled for November 14, 2014, the Court will address all outstanding discovery issues with the parties. The Court is not inclined to stay all discovery pending further motion to dismiss practice. The parties are directed to meet and confer in advance

of the case management conference to attempt to work on a joint proposed discovery schedule. In that meet and confer session, the parties shall discuss the language of any subpoenas sent to third parties who are defendant's customers to address defendant's concerns as articulated in the motion for a protective order.

**IT IS SO ORDERED**.

Dated: November 11, 2014

_____
SUSAN ILLSTON
United States District Judge