UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHAMPION FIBERGLASS, INC., <br><br> Defendant. | Case No. 13-cv-02403-SI <br><br> **ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE** <br><br> Re: Dkt. Nos. 78, 79 |

Several motions are scheduled for a hearing on January 16, 2015. Pursuant to Civil Local Rule7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART the motion to dismiss the third amended complaint, and DENIES the motion to strike. The Court will issue a separate order regarding the pending discovery disputes.

### I.    DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss all of the claims alleged in the third amended complaint. For the reasons set forth in the Court's prior order, the Court concludes that plaintiff has stated a claim for misappropriation by acquisition.[1]

The Court agrees, however, that plaintiff's claims for conspiracy to misappropriate trade

---

[1] Plaintiff's claim for misappropriation by acquisition is based in part on allegations that Champion was in privity with the *Ghiorso* defendants, that the *Ghiorso* judgment has collateral estoppel effect in this case, and that Champion was bound by the *Ghiorso* injunction. The Court finds that plaintiff may pursue the claims (or requests) for declaratory and injunctive relief in connection with the claim for misappropriation by acquisition. Whether Champion was in fact in privity with the *Ghiorso* defendants, or whether the judgment and injunction in that case are binding on Champion, present factual questions that are not appropriate for resolution at this stage.

1  secrets, receipt of stolen property, and aiding and abetting are preempted by the California
2  Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426-3426.11. The CUTSA states that
3  it supersedes other civil remedies based on trade secret misappropriation. *See* Cal. Civ. Code
4  § 3426.7(b)(2) ("This title does not affect . . . [o]ther civil remedies that are not based upon
5  misappropriation of a trade secret."). Courts have consistently held that the CUTSA "preempts
6  common law claims that are 'based on the same nucleus of facts as the misappropriation of trade
7  secrets claim for relief.'" *K.C. Multimedia, Inc. v. Bank of America Technology & Operations,*
8  *Inc.*, 171 Cal. App. 4th 939, 958 (2009) (quoting *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp.
9  2d 1025, 1035 (N.D. Cal. 2005) (holding CUTSA preempted claims for unfair competition and
10  unjust enrichment); *see also NetApp, Inc. v. Nimble Storage, Inc.*, ___ F.Supp.2d ___, 2014 WL
11  1903639, at *17 (N.D. Cal. May 12, 2014) (trespass to chattel and unfair competition claims
12  preempted); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F. Supp. 2d 216,
13  219-220 (D. Del. 2004) (applying California law and holding claims for conversion and unjust
14  enrichment preempted); *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941,
15  953 (N.D. Cal. 2003) (common law misappropriation of trade secret claim preempted).

16  Here, the claims for conspiracy, receipt of stolen property, and aiding and abetting are all based on
17  the same nucleus of facts as the misappropriation by acquisition claim. Each of those claims stems
18  out of plaintiff's allegations that Champion knew that various third parties had to use plaintiff's
19  trade secrets to make their resins, and that with this knowledge, Champion agreed to purchase
20  resin from those third parties. The Court agrees with the reasoning of the cases cited above, and
21  holds that these claims are preempted by the CUTSA. *See also RSPE Audio Solutions, Inc. v.*
22  *Vintage King Audio, Inc.*, No. CV 12–06863 DDP (PJWx), 2013 WL 100178, at *2-3 (C.D. Cal.
23  Jan. 7, 2013) (holding CUTSA preempted claims for intentional interference with prospective
24  economic advantage, unfair business practices, and aiding and abetting misappropriation of trade
25  secrets).

26  ATS does not dispute that these claims arise out of the same nucleus of facts as the
27  misappropriation claim. Instead, with regard to the conspiracy claims, ATS urges the Court to
28  follow *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469 (D. Colo. 1996), which held that

2

Colorado's Uniform Trade Secrets Act did not preempt a claim for civil conspiracy. However, as the California Court of Appeal noted in *K.C. Multimedia*, the uniform statute adopted in Colorado,

> only preempts common law claims that "conflict" with its provisions. (*Powell Products, Inc. v. Marks*, at p. 1474.)
>
> California has rejected that particular provision of the uniform act in favor of an entirely different one. (§ 3426.7, subd. (a).) "Typically, when a Legislature models a statute after a uniform act, but does not adopt the particular language of that act, courts conclude the deviation was deliberate and that the policy of the uniform act was rejected." (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 258, 15 Cal.Rptr.3d 244.) Thus, to the extent that other states' statutes conform to the uniform version of section 7, subdivision (a), which California has rejected, decisions interpreting that provision are not persuasive in construing California's unique statute.

*K.C. Multimedia*, 171 Cal. App. 4th at 956.  The *K.C. Multimedia* court went on to adopt the "broad view" of CUTSA preemption articulated by the federal district courts in *Digital Envoy*, *AccuImage*, and *Callaway Golf*, under which common law claims arising out of the same nucleus of facts as a misappropriation claim are preempted.

Plaintiff also argues that the claims at issue are not preempted because they are based on federal criminal statutes. However, plaintiff does not have standing to prosecute a violation of the criminal statutes cited in the TAC.  *See* 18 U.S.C. § 1836(a) (Attorney General may file civil action to enjoin theft of trade secrets under 18 U.S.C. § 1832); 19 U.S.C. §§ 1330-1337 (setting out United States International Trade Commission's authority to investigate and regulate unfair import trade practices).

Plaintiff contends that the claim for receipt of stolen property is not preempted because it is based on California Penal Code § 496, and the CUTSA states that it does not affect "criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b).  However, plaintiff's claim for receipt of stolen property does not seek criminal remedies under § 496 (plaintiff does not have standing to do so), but instead seeks civil remedies pursuant to California Penal Code § 496(c).  TAC ¶ 88.  The CUTSA states that civil remedies are not preempted if they "are not based upon misappropriation of a trade secret."  Here, plaintiff seeks civil remedies for the receipt of stolen trade secrets, and thus this claim is preempted.

Plaintiff requests further leave to amend in the event that any claims are dismissed. The Court finds that plaintiff has not demonstrated good cause for further leave to amend. Plaintiff does not identify any new facts it wishes to allege in a new complaint. This case was filed in May 2013, and plaintiff has now filed four different versions of the complaint. Discovery has been stalled because the pleadings have not been settled. Permitting plaintiff to file another amended complaint will cause further delay, and the Court finds that such delay would be prejudicial to defendant. Accordingly, the Court exercises its discretion and DENIES leave to amend. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (court may deny leave to amend where amendment would cause undue delay or prejudice).

## II. DEFENDANT'S MOTION TO STRIKE

Defendant's motion to strike repeats many of the same arguments as the motion to dismiss. To the extent defendant's motion contends that certain allegations are conclusory -- such as the allegations that Thermalguard material specifications are ATS' trade secrets -- the Court disagrees and finds the allegations sufficient. In light of the disposition of the motion to dismiss, the Court DENIES the balance of the motion to strike.

**IT IS SO ORDERED**.

Dated: January 15, 2015

_____
SUSAN ILLSTON
United States District Judge

4