1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6

7   ATS PRODUCTS, INC,                     Case No.  13-cv-02403-SI
              Plaintiff,
8
         v.                               **ORDER RE: DISCOVERY**
9
                                          Re: Dkt. Nos. 46, 85, 86, 87, 88, 89
10  CHAMPION FIBERGLASS, INC.,
              Defendant.
11

12

13          This order addresses a number of pending discovery disputes.

14

15          **ATS's Motion to Quash Subpoena**

16          The parties have submitted extensive briefing regarding a subpoena issued by Champion to

17   Georgia-Pacific Chemicals, LLC, the manufacturer of resins for ATS and its predecessor, Shea

18   Technology.  In ATS's response to Champion's sur-reply, ATS concedes for the first time that, by

19   its recent amendment of its trade secret list, information regarding the ingredients of the ATS

20   Mark V, Mark VI, and Mark VII resins is discoverable.  Dkt. 76 at 3.  ATS also concedes that

21   Champion's request that Georgia-Pacific produce non-disclosure agreements, proprietary rights

22   agreements, confidentiality agreements, or the like is appropriate, so long as non-relevant

23   privileged information contained in any such documents is first redacted.  ATS contends that other

24   documents, such as those relating to "publication trade secrets" and "miscellaneous trade secrets,"

25   are irrelevant, to which Champion responds, somewhat circularly, that if Georgia-Pacific has any

26   such documents, they would be responsive only if they are relevant to the issues in this case.

27   Champion also states that it is unclear from ATS's vague description of the documents that would

28   be produced whether those documents are, in fact, relevant.

United States District Court
Northern District of California

The Court notes that the parties' briefing on this motion was completed prior to the Court's ruling on defendant's motion to dismiss the third amended complaint.   Further, the parties' positions regarding the relevance of the material sought has shifted throughout the course of briefing.   It is also not clear to the Court that the parties have engaged in a meaningful meet and confer regarding the specific documents at issue, as reflected by various statements in the parties' sur-reply papers.

Accordingly, the Court directs counsel to engage in an in-person meet and confer regarding the documents requested in the subpoena (and Champion's request for documents no. 7) in light of the Court's ruling on defendant's motion to dismiss the complaint, the defenses that defendant intends to assert, and plaintiff's amendment of the trade secrets list.   The parties are directed to engage in a serious and meaningful effort to resolve all of their disputes regarding the subpoena and the document request.   The parties are directed to focus their meet and confer efforts on determining, in a specific fashion, which documents are relevant to the claims and defenses in this case, and the manner in which those documents can be produced in order to protect confidentiality and/or claims of privilege; the Court informs the parties that the Court is not persuaded by parties' arguments regarding procedural defects, lack of standing, or facial invalidity of the subpoena.

In the event the parties are unable to resolve any disputes regarding the subpoena or the document request, the parties shall file a joint letter in accordance with the Court's standing order regarding discovery disputes to ensure that the parties adequately respond to each other's arguments.

**ATS' Request for Documents, Set One**

Request 5. This request seeks all documents concerning Champion's purchase of resins on and after January 1, 2008 for the purpose of constructing its Flame Shield product (including purchase orders, invoices, and documents concerning shipments, payment and use). Champion states that it has produced all documents regarding its purchases of Thermalguard resins for the time period and claims at issue in the first amended complaint, which was the operative complaint at the time the discovery was propounded.

In light of the Court's ruling on defendant's motion to dismiss the third amended complaint, the Court holds as follows: Champion shall produce all requested documents concerning Champion's purchase of any resins on and after January 1, 2010, where those resins were purchased for the purpose of constructing its Flame Shield product.  The Court agrees with defendant that plaintiff's request for documents regarding the "use" of those resins is too broad. The Court finds that the only documents relating to "use" of those resins which must be produced are those pertaining to the sales of the Flame Shield product, which are the subject of the next document request.

Request 6.  This request seeks all documents concerning Champion's sales on and after January 1, 2008 of its Flame Shield product. Plaintiff contends that these documents are relevant to its claims for damages and unjust enrichment. The Court agrees, and orders defendant to produce the requested documents for the time period January 1, 2010 to the present.

Request 7. Plaintiff seeks all documents identified in Champion's initial disclosures. According to the parties' letter brief, the dispute centers on whether defendant should produce or identify the documents from the *Ghiorso* action that defendant intends to rely upon in this case. Champion objects that ATS already has all of the *Ghiorso* documents, and that it is wasteful, time consuming, and expensive for Champion to produce all of these documents to ATS. Champion also argues that it is premature to expect Champion to make a decision as to which of those documents might be trial exhibits given the relatively early stage of this litigation. Champion has proposed to provide a list by category of the documents it has from the *Ghiorso* case (many of which, Champion states, were returned to ATS's counsel at the close of that case, pursuant to the *Ghiorso* protective order, and subsequently produced back to Champion by ATS), and that counsel can meet and confer regarding confidentiality designations. The Court finds that Champion's proposal is a reasonable one, and that ATS has not demonstrated why Champion should be required to produce documents to ATS that ATS already has in its possession, nor has ATS shown why Champion should be required to decide now which documents it intends to use in this litigation or at trial.

3

1

**Champion's Request for Documents, Set One**

2

Request 12 (misnumbered as 20). This request asks for product lists. According to the

3

parties' letter brief, ATS has withdrawn its relevance objection and will be making a production of

4

non-privileged materials.

5

Request 13 (misnumbered as 21). This request seeks ATS's customer list. Champion states

6

that this request is relevant to ATS's claim that Champion is its competitor and that Champion has

7

damaged the reputation of ATS resins for use in building electrical conduit. Champion also argues

8

that the ATS customer list will assist Champion in learning whether ATS has done anything to

9

keep its customers from reverse engineering its resins, as well as whether the ATS trade secrets

10

have value.

11

ATS responds that its customer lists are not relevant because ATS contends only that

12

Champion is a competitor for electrical conduit products, and ATS has not sold any electrical

13

conduit and therefore has no electrical conduit customer list. ATS also states that it has provided

14

Champion with copies of non-disclosure agreements that ATS requires be signed by individuals

15

who come into contact with ATS resins. The Court finds that based upon ATS's representations,

16

Champion has not demonstrated that the customer list is relevant.

17

Request 14 (misnumbered as 22). This request seeks correspondence between ATS and

18

Georgia-Pacific from January 2009 to the present, relating in any manner to any PRF resin

19

manufactured, to be manufactured, or to be considered for manufacture or ATS. The parties are

20

directed to engage in a further meet and confer as set forth *supra*.

21

22

**ATS's Requests for Admissions, Set One**

23

Request 4. ATS requests that Champion admits it does not own any phenol resin

24

formulation. In the parties' letter brief, Champion states that it agreed during the meet and confer

25

process to provide a substantive answer to this request, without admitting that it is relevant.

26

Request 6. ATS requests that Champion admits that it currently uses the Thermalguard

27

1009 and/or the Thermalguard 1074 resin when building its Flame Shield product. Champion

28

objected solely on the grounds that the pleadings were not settled at the time this request was

United States District Court
Northern District of California

4

propounded. The Court finds that this request is directed at relevant information, and accordingly orders Champion to respond.

Request 7. ATS requests that Champion admits that the resins it uses to build its Flame Shield product are built using trade secrets owned by ATS. As with the previous request, Champion objected based on the unsettled state of the pleadings. The Court finds that this request is directed at relevant information, and orders Champion to respond.

**ATS's Special Interrogatories, Set One**

Interrogatory 2. This interrogatory asks Champion to identify its current supplier for the phenolic resins Champion uses to construct its Flame Shield product. ATS argues that this interrogatory seeks relevant information such as whether Champion has in fact been buying Thermal guard resins or other misappropriated resins to build and sell the Flame Shield product, and whether Champion's misappropriations and violations of the *Ghiorso* injunction or willful. Champion responds that at the time this interrogatory was propounded the pleadings were not yet settled, and thus it was unclear which claims, if any, ATS could pursue.

The Court finds that this interrogatory seeks information relevant to ATS's claims that survived the most recent motion to dismiss, and accordingly Champion is ordered to respond to this interrogatory.

Interrogatories 4-6.   These interrogatories correlate to ATS's requests for admission numbers four, six and seven. In light of Court's disposition of the parties' disputes regarding those requests for admission, the Court directs Champion to respond to these interrogatories.

**Champion's Interrogatories, Set One**

Interrogatories 1-10. These interrogatories ask how the Thermalguard resins can be reverse engineered to ascertain ATS's alleged trade secrets. ATS's responses state that it is informed and believes that someone possessing the right tools, equipment, and expertise can subject resins to certain chemical analysis and/or tests and thereby determine the component material chemicals that are used to make the resins and their relative weights. Beyond that, ATS objects that the

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    question calls for expert testimony, and ATS notes that the deadline for expert disclosures and

2    reports is not for some time. ATS states that during the meet and confer process, ATS reminded

3    Champion's attorneys that an expert in the *Ghiorso* case testified at his deposition that resins can

4    be reverse engineered.

5         The Court directs ATS to supplement its responses with all facts in support of the reverse

6    engineering allegations, including any information from the *Ghiorso* case. However, to the extent

7    that these interrogatories seek expert testimony that ATS does not yet have, the Court finds that

8    ATS is not required to provide such expert testimony at this time.

9         <u>Interrogatories 23 and 24</u>. These interrogatories ask ATS to describe how it has been

10   damaged as a result of Champion's acquisition of the Thermalguard resins, as well as a description

11   of how Champion has been unjustly enriched as result of its acquisition of those resins.  ATS has

12   responded by restating the allegations contained in the third amended complaint regarding

13   damages and unjust enrichment, and also stated that its ability to respond further is dependent on

14   ongoing discovery. The Court directs ATS supplement its responses with specific facts regarding

15   its claims for damages and unjust enrichment, such as any facts in support of the allegation that

16   Champion has damaged the reputation of ATS's resins for the use in electrical conduit. ATS shall

17   also supplement its responses as necessary based upon ongoing discovery.

18

19        **IT IS SO ORDERED**.

20

21   Dated:  January 29, 2015

22                                                   _____

23                                                   SUSAN ILLSTON
                                                     United States District Judge
24

25

26

27

28