1  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.
   Bruce Prescott, Esq.          (#120980)
2  Daphne C. Lin, Esq.          (#193214)
   2201 Walnut Avenue, Suite 200
3  Fremont, California 94538
   Telephone: (510) 790-0900
4  Facsimile: (510) 790-4856
   bruceprescott@tatp.com
5  daphnelin@tatp.com

6  Attorneys for Defendant
   Champion Fiberglass, Inc.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12

13  ATS PRODUCTS, INC.,                    Case No.  CV 13-02403 SI

14                     Plaintiff,          **JOINT STATEMENT OF DISCOVERY
                                           DISPUTE**
15  v.

16  CHAMPION FIBERGLASS, INC.,

17                     Defendant.

18

19

20

21

22

23

24

25

26

27

28

---

JOINT STATEMENT OF DISCOVERY DISPUTE                    *Case No. CV 13-02403 SI*

**ISSUE IN DISPUTE**

Champion Fiberglass has served a notice of deposition, notifying ATS of its intent to take the deposition of its attorney, Marc Shea. Plaintiff contends that the deposition should not be permitted. Counsel for both parties met and conferred in person on the morning of March 25, 2015 and were unable to resolve this dispute.

**ATS'S POSITION**

Plaintiff contends that the deposition of an opposing attorney who will be trial counsel at a jury trial is disfavored and should only be permitted if there is no other means to obtain the information. The court in *Shelton v. American Motors Corp.*, 805 F. 2d 1323 (8th Cir. 1986) held that attorney depositions should be permitted only when  the party seeking the deposition shows that (1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. (*Shelton*, at page 1327) Judge Whyte in the case of *M.A. Mobile Ltd. V. Indian Institute of Technology Kharagpur et. al.*, 2014 U.S. Dist. LEXIS 26376 noted that the practice of deposing trial counsel is disfavored. He also noted that the *Shelton* test is widely accepted in the Northern District of California.

In this case, Defendant has identified two areas of potential inquiry for Mr. Shea. These are (1) the Ghiorso settlement negotiations and (2) Marc Shea's knowledge of Champion's purchase and use of TG resins. Plaintiff has alleged that Defendant controlled the Ghiorso settlement negotiations. Because Marc Shea handled the settlement negotiations for ATS in the Ghiorso matter, Defendant contends that he is a necessary witness to the facts surrounding those negotiations. Plaintiff contends that there is another means to obtain this information. Specifically, Defendant can depose Mr. Ghiorso and/or Mr. Ghiorso's former attorney who also participated in those negotiations. As with any communication, there are at least two people who are privy to the communication and who can testify as to the content of the communication. In the event these depositions are taken and Marc Shea desires to testify in rebuttal or contrary to the testimony of these other witnesses, Plaintiff can then advise counsel for Defendant who can then proceed with Mr. Shea's deposition. Until these depositions are taken, Defendant cannot contend that Marc Shea is the only person who can testify to these facts. He is one of several who have knowledge and can

1    testify.

2         With respect to the second area of inquiry, counsel for Defendant contends that Marc Shea

3    took the deposition of Mr. Haag in the prior case and learned that Champion was buying resin from

4    Thermalguard Technologies and that Thermalguard was providing financial assistance to Mr.

5    Ghiorso. Defendant contends that ATS's discovery responses in this matter are contrary to the

6    testimony of Mr. Haag or lacking by not providing full and complete information. Defendant

7    contends that it is entitled to ask Marc Shea about the testimony, the knowledge he gained from

8    this testimony and ATS's discovery responses.

9         Defendant also contends that Marc Shea may be questioned as to whether there was a

10   consideration of joining Champion in the prior lawsuit, and if so, why wasn't Champion joined.

11   Plaintiff contends that this area of inquiry asks for the thought processes of Marc Shea, which are

12   protected as attorney work product, and any communications to or from his client on this subject

13   would be protected as attorney-client communications. There are no questions that may be asked

14   on this issue that would not invade one of these two privileges.

15        Plaintiff contends that the second area of inquiry probes Marc Shea's knowledge gained

16   solely in his role as the attorney for ATS. Whatever was said in the deposition of Mr. Haag is a

17   matter of record. Marc Shea can only state that as the attorney for ATS he was aware of that

18   testimony which is proven by the transcript and his presence at the deposition. Plaintiff may be

19   willing to stipulate that certain testimony was given if counsel were to identify the pages and lines,

20   thereby avoiding the necessity of a deposition. Marc Shea's knowledge of the ATS discovery

21   responses is based upon attorney client communications or attorney work product. In the *Shelton*

22   case cited above, the attorney was deposed for the stated purpose of determining if his client had

23   truthfully complied with discovery requests. The court, in Shelton, held that this was protected by

24   the work product privilege.

25        Defendant contends that it should be permitted to take the deposition of Marc Shea and that

26   counsel for Plaintiff can object to the questions as they are posed. Plaintiff contends that since

27   depositions of trial counsel are disfavored, the deposition should only proceed if counsel for

28   Defendant can make a showing meeting the test set forth in *Shelton* and only for those areas of

2

inquiry where such a showing has been made.

<b><u>CHAMPION'S POSITION</u></b>

The *Shelton* standards do not apply to the situation before us, and ATS's position statement omits and/or misstates several key aspects of what would be, and what would not be, subject to inquiry at the deposition.

Subsequent to its *Shelton* decision, the 8th Circuit clarified that, although there are "ills" associated with deposing trial counsel about his or her litigation strategy in a pending case, there is a distinction between that and deposing him or her about a previous case. The court found that the policy concerns underlying the *Shelton* decision were not present in the latter situation. *Pamida v. E.S. Originals, Inc.*, 281 F.3d 726,730 (8th Cir. 2002). The standards set forth in *Shelton* are "not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case is crucial." *Id*. Thus, where the inquiry will not involve the attorney's representation in the litigation in which the deposition is taken, the "heavy burden of *Shelton*" does not have to be met. *aaiPharma, Inc. v. Kremers Urban Development Co*., 361 F. Supp. 2d 770, 775 (E.D. Ill. 2005) (following *Pamida*); *see also Devlyne v. Lassen Municipal Utility District*, 2011 U.S. Dist. LEXIS at *4-5 (E.D. Cal. 2011) (relying on *Pamida* to hold that "the Shelton criteria apply only when trial and/or litigation counsel are being deposed and the questioning would expose litigation strategy in the pending case").

The matters about which Champion wishes to depose Mr. Shea involve the concluded *Ghiorso* case, and they are crucial to the pending action. ATS makes numerous allegations in the Third Amended Complaint about the *Ghiorso* settlement negotiations, and relies on them, at least in part, in support of the assertion that Champion was in privity with the *Ghiorso* defendants for collateral estoppel purposes. (TAC at paragraphs 10, 11, 13, 15 and 19.) In essence, ATS wants to position Champion as an interloper in the *Ghiorso* settlement discussions, which controlled and ultimately cratered them for its own benefit. The document discovery done in this case establishes that Mr. Shea handled the settlement negotiations for ATS, handled all of the communications with the other parties' counsel, authored numerous documents that bear on how Champion became

3

1    involved in the discussions and why the negotiations were not successful, and is ATS's sole source

2    of first hand information about what happened.

3           ATS's argument that the information that Champion seeks can be obtained from Mr.

4    Ghiorso or his counsel is off point. First, it assumes the *Sheldon* test applies, which it does not.

5    Second, these proposed deponents do not have the same information as Mr. Shea. Mr. Ghiorso's

6    counsel handled the settlement negotiations for him, so any information Mr. Ghiorso has would

7    necessarily have to be based on privileged communications with his attorney. Mr. Ghiorso's

8    attorney might be able to testify about his own recollection of events and interpretation of what was

9    said or written, but his recollection could be incomplete or faulty, resulting in an incorrect record,

10   and he cannot testify about what ATS perceived. Champion is entitled to get discovery about this

11   crucial topic from ATS, and the only ATS-affiliated person who can provide it is Mr. Shea.

12          Discovery concerning the testimony and documents ATS received from Champion's

13   president, Goran Haag, during his deposition in the *Ghiorso* case, regarding Champion's purchase

14   of resin from Thermalguard Technology, its assistance in funding the *Ghiorso* defense, and

15   payments made to Mr. Ghiorso, also is crucial to this case, because these facts are now relied upon

16   by ATS in support of their claim that Champion was in "privity" with the *Ghiorso* defendants and,

17   hence, should be bound by the *Ghiorso* judgement. "Application of collateral estoppel may be

18   denied if the party asserting it 'could have effected joinder in the first action between himself and

19   his present adversary.'" *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 330, n.13 (1979)(*quoting*

20   *Restatement (Second) of Judgment*s *§88(3))*. Champion, therefore is entitled to know what, if

21   anything, prevented ATS from joining Champion in the Ghiorso case once it had this information.

22   According to ATS's verified discovery responses, nobody at ATS even knew that Champion used

23   Thermalguard resins following Mr. Haag's deposition. This leaves Mr. Shea as the sole available

24   deponent on this subject.[1]

25          Mr. Shea is a percipient witness to events put in issue by ATS. He cannot avoid being

26   deposed about those events simply because he now represents ATS in a new lawsuit. If ATS thinks

27
28
---
[1] Contrary to ATS's argument, Champion does not intend to ask Mr. Shea about ATS's discovery responses in this case. Those responses bear on this dispute only because they establish that Mr. Shea is the only source of information concerning Mr. Haag's testimony and the lack of any subsequent joinder of Champion as a defendant in the *Ghiorso* case.

JOINT STATEMENT OF DISCOVERY DISPUTE                          *Case No. CV 13-02403 SI*

1  in the course of the deposition that a particular question invades the attorney client or work product

2  privilege, the objection can be made then, and the parties can try to resolve any disputes based on

3  the specific question, which will involve issues of work product, privilege and waiver (express and

4  implied) that cannot possibly be adequately addressed in advance, in the space available here.

5          Notably missing from ATS's position statement is any representation that Mr. Shea will not

6  testify about these issues at trial, under any set of circumstances. Instead, ATS wants to hedge its

7  bet, by proposing that Champion first depose other witnesses, then have Mr. Shea decide whether

8  he wants to rebut it. This would have the effect, first, of requiring that Champion depose friendly

9  witnesses it does not want to depose, and, second, giving Mr. Shea advance notice of what

10  questions he will be asked at his deposition. If ATS wants to reserve Mr. Shea's ability to testify,

11  he must undergo a deposition like any other witness, and not on terms that will give ATS an

12  advantage.

13                                      Respectfully Submitted,

14  Dated: March 30, 2015               TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

15

16                                      By:  s/ *Bruce Prescott*
                                        Bruce Prescott
17                                      Daphne C. Lin
18                                      Attorneys for Defendant Champion Fiberglass, Inc.

19

20  Dated: March 30, 2015               LAW OFFICES OF MICHAEL G. ACKERMAN

21

22                                      By:  s/ *Michael G. Ackerman*
                                        Michael G. Ackerman
23                                      Attorneys for Plaintiff ATS Products, Inc.

24

25

26

27

28

JOINT STATEMENT OF DISCOVERY DISPUTE                    *Case No. CV 13-02403 SI*