1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ATS PRODUCTS, INC.,

          Plaintiff,

     v.

CHAMPION FIBERGLASS, INC.,

          Defendant.

Case No.  13-cv-02403-SI

**ORDER RE: DISCOVERY; ORDER REFERRING DISPUTE REGARDING DEPOSITION OF PLAINTIFF'S ATTORNEY TO MAGISTRATE JUDGE FOR RESOLUTION**

Re: Dkt. Nos. 98, 99, 100

This order addresses three pending discovery disputes. This order resolves the parties' dispute regarding the subpoena to Georgia-Pacific Chemicals and Request for Documents No. 4 (Dkt. 98), and the dispute regarding plaintiff's interrogatories (Dkt. 99). The Court REFERS the dispute regarding the deposition of plaintiff's attorney to a Magistrate Judge for resolution. Dkt. 100.

## I.    Champion Fiberglass's Subpoena to Georgia-Pacific Chemicals and Request for Documents No. 4

The parties report that as a result of the further meet and confer ordered by the Court, the parties have resolved their disputes regarding the subpoena and corresponding request for documents no. 4 except for the following issue: whether documents revealing "cooking procedures" should be withheld from production (or redacted such that information concerning cooking procedures is not available, even under an "Attorneys' Eyes Only" designation).

Georgia-Pacific Chemicals, LLC, is the manufacturer of resins for ATS and its predecessor, Shea Technology. ATS agrees that information regarding the ingredients of the ATS Mark V, Mark VI, and Mark VII resins is discoverable because the third amended complaint

United States District Court
Northern District of California

1    alleges that defendants have misappropriated the ATS resin ingredient trade secrets by acquisition.

2    However, ATS asserts that the methods for mixing, heating and cooling those ingredients – the

3    "cooking procedures" trade secrets – are not at issue.   Plaintiff argues that the third amended

4    complaint does not allege that those cooking procedures can be determined by reverse

5    engineering, nor does it allege that defendant has misappropriated those cooking procedures. Thus,

6    ATS argues that information about its "cooking procedures" is not relevant.

7           Defendant appears to concede that the third amended complaint does not allege that

8    defendant has misappropriated any "cooking procedures" trade secret.     However, defendant

9    argues that documents related to the entire manufacturing process, including the cooking

10   procedures, are relevant to show whether the "ingredient trade secrets" have independent

11   economic value, whether defendant was unjustly enriched by allegedly acquiring the "ingredient

12   trade secrets," and what a reasonable royalty would be should misappropriation be found.

13   Defendant argues that it needs all information regarding how the resins are made in order to

14   determine whether the "unique characteristics" of the plastics made from the resins at issue result

15   solely or even partially from the "ingredient trade secrets," or from some other aspect of the resins'

16   manufacture, such as the "cooking procedures."

17          The Court finds that defendant has not shown a need for the documents at issue. Plaintiff

18   does not allege that defendant has misappropriated the "cooking procedures" trade secrets, and

19   Georgia-Pacific will be producing documents related to the allegedly misappropriated "ingredient

20   trade secrets."   Defendant has not shown why it needs information about the specific cooking

21   procedures used to create the resins in order to evaluate whether and the extent to which cooking

22   procedures impact the value of the resins. As plaintiff notes, even if an expert may opine that a

23   resin's characteristics are determined or influenced by its cooking procedure, the expert can make

24   that point without needing to know the precise cooking procedure used by ATS.

25          Accordingly, in responding to the subpoena and the document requests, Georgia-Pacific

26   and plaintiff need not produce any documents revealing "cooking procedures," and shall produce

27   otherwise responsive documents so that information containing cooking procedures is completely

28   redacted.

United States District Court
Northern District of California

## II.     Number of Interrogatories

The parties disagree about how to calculate the number of interrogatories plaintiff has propounded, and relatedly whether plaintiff has exceeded the limit of 35 interrogatories that the Court allowed each side.[1]  Plaintiff contends that special interrogatories 4, 5, and 6, which it propounded and defendant answered, count as three interrogatories, while defendant contends that those three interrogatories actually constitute 33 separate interrogatories.  If defendant is correct, plaintiff has propounded 36 interrogatories total.

The Court agrees with defendant that the interrogatories at issue should be counted as 33 separate interrogatories. Interrogatory number 4 asked, "If you have not provided an unqualified admission for all 11 requests for admission set forth in [plaintiff's request for admissions] . . . then for each response that is not an unqualified admission, state the number of the request and all facts upon which you base your response." Dkt. 99-1, Ex. B at 3.  Interrogatory number 5 asked, "If you have not provided an unqualified admission for all 11 requests for admission set forth in [plaintiff's request for admissions] . . . then for each response that is not an unqualified admission, state the number of the request and the names, addresses, and telephone numbers of all persons who have knowledge of the facts upon which you base your response."  *Id*. at 6.  Interrogatory number 6 asked, "If you have not provided an unqualified admission for all 11 requests for admission set forth in [plaintiff's request for admissions] . . . then for each response that is not an unqualified admission, state the number of the request and identify (by stating the date and author and other information sufficient to identify the document or thing in the subpoena duces tecum) all documents or other tangible things that support your response, and state the name, address and telephone number of the person who has each document or thing."  *Id*. at 8.  The corresponding requests for admission request defendant to admit various facts, such as the fact that a specific resin formulation is a trade secrets.  *Id*.,  Ex. A.

Rule 33 counts each interrogatory and "all discrete subparts." Fed. R. Civ. P. 33(a). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts'

---

[1]  Rule 33 provides a limit of 25 interrogatories absent stipulation of the parties or leave of Court.

1   questions that seek information about discrete separate subjects." Advisory Committee Notes of

2   1993 to Fed. R. Civ. P. 33. "[A]n interrogatory that asks the responding party to state facts,

3   identify witnesses, or identify documents supporting the denial of each request for admission

4   contained in a set of requests for admissions usually should be construed as containing a subpart

5   for each request for admission contained in the set." *Safeco of America v. Rawstron*, 181 F.R.D.

6   441, 446 (C.D. Cal. 1998) (internal citations omitted). Here, each of the corresponding requests

7   for admission "concern different, separate, or discrete matters," and thus the interrogatories

8   "should be viewed as containing a subpart for each request." *Id.*

9       Plaintiff alternatively requests permission to propound 28 or 20 additional interrogatories.

10  Plaintiff states that it needs additional interrogatories because this case is complex and plaintiff

11  needs to follow up on recent discovery. Defendant objects to any additional interrogatories, and

12  notes that the parties have not taken any depositions and asserts that plaintiff should pursue further

13  discovery through depositions rather than interrogatories.

14      The Court will grant plaintiff nine additional interrogatories, for a total of 45 (defendant

15  may also propound additional interrogatories up to the 45 limit). The Court notes that the

16  presumptive limit for interrogatories is 25, and that 45 interrogatories should be more than

17  sufficient for this case, particularly in light of the fact that the parties have yet to take depositions.

18

19  **III.    Dispute re Deposition of Counsel**

20      The parties' dispute concerning whether and to what extent plaintiff's attorney may be

21  deposed by defendants is referred to a Magistrate Judge for resolution in the first instance.

22

23      **IT IS SO ORDERED**.

24

25  Dated: April 9, 2015

26  _____

27  SUSAN ILLSTON
    United States District Judge

28

United States District Court
Northern District of California