UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAMPION FIBERGLASS, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-02403-SI   (DMR)<br><br>**ORDER ON HOPKINS & CARLEY'S MOTION TO QUASH**<br><br>Re: Dkt. No. 116 |

On July 2, 2015, third party Hopkins & Carley, a Law Corporation ("Hopkins & Carley") filed a motion to quash the subpoena issued by Plaintiff ATS Products, Inc. ("ATS") demanding the deposition of John V. Picone III, a Hopkins & Carley attorney. [Docket No. 116.] Plaintiff opposes the motion. [Docket No. 122.] The court finds this motion is appropriate for resolution without hearing pursuant to Civil Local Rule 7-1(b). For the following reasons, the motion to quash is denied.

## I. Background

### A.   Description of the Parties and the Prior Litigation

Plaintiff owns trade secrets regarding the ingredients needed to create particular phenolic-resorcinol-formaldehyde resins (the "ATS Resins"). [Docket No. 120 (4th Am. Compl.) ¶ 9.] Plaintiff uses the ATS Resins to create fire-resistant plastics. *Id*. Plaintiff's predecessor-in-interest was Shea Technology ("Shea Tech"). (4th Am. Compl. ¶ 13.) In 2010, Plaintiff learned that in 2007, Defendant Frank Ghiorso, a former Shea Tech employee, formed Thermalguard Technology, LLC and Thermalguard LLC (collectively "Thermalguard"), and began marketing and selling resins that had the same properties as the ATS Resins. *Id*. Plaintiff also learned that in 2007, Ghiorso had entered into a contract with Defendant Champion Fiberglass, Inc. ("Champion"), a Shea Tech licensee, to provide resins for the purpose of creating fire-safe

plastics. *Id*. Plaintiff alleges that Champion and/or its president, Goran Haag, was affiliated with Thermalguard as a member or manager. *Id*.

On October 28, 2010, Plaintiff filed an action in this district alleging that Ghiorso and Thermalguard had misappropriated ATS's trade secrets. *See ATS Products Inc. v. Frank Ghiorso et al.*, No. 10-cv-4880-BZ (N.D. Cal., filed Oct. 28, 2010) ("*Ghiorso*"). Hopkins & Carley attorney Picone was lead counsel for the defendants in *Ghiorso* until October 2011. (Coleman Decl., July 2, 2015, ¶ 3.)

According to Plaintiff, Champion played a role in *Ghiorso* even though it was not named or joined as a party. Beginning in November 2010, Champion financed the *Ghiorso* defense "by making payments to Ghiorso of $10,000 per month and by making loans or contributions to payment of fees and costs," eventually contributing more than $649,000 for the defense. (4th Am. Compl. ¶ 16.) Plaintiff contends that Champion provided financing to the *Ghiorso* defendants because Champion was allegedly buying, and wanted to continue to buy, resins from Thermalguard in order to continue to create its Flame Shield product. *Id*.

In May 2011, while the *Ghiorso* defendants were still represented by Hopkins & Carley, Plaintiff and the *Ghiorso* defendants agreed to a settlement in principle of the case. (4th Am. Compl. ¶ 17.) Plaintiff alleges upon information and belief that Ghiorso was unwilling to complete the settlement unless Champion consented to its terms because he was indebted to Champion. (4th Am. Compl. ¶ 18.) On September 26, 2011, attorneys for Champion and Haag filed *pro hac vice* applications to appear in *Ghiorso* as "non-parties," which the court granted. (*See Ghiorso*, Docket Nos. 169-70, 171-72.) On September 29, 2011, Magistrate Judge Paul S. Grewal held a settlement conference in *Ghiorso* in which Champion and Haag's counsel participated. (*See id.*, Docket No. 174.) Plaintiff alleges that sometime in September 2011, "Champion announced that it would not consent to the Settlement [of *Ghiorso*] unless (a) ATS licensed Champion to use Thermalguard Resins and (B) ATS gave Champion a general release." (4th Am. Compl. ¶ 20.) "After that announcement, ATS engaged in further settlement discussions with Champion." *Id*.

On October 10, 2011, Champion rejected Plaintiff's latest settlement offer and "gave

1   notice that Champion 'intends to move forward with assisting in engaging new counsel to defend
2   the rights of Mr. Ghiorso and Thermalguard and to prosecute Mr. Ghiorso's claims at trial." (4th
3   Am. Compl. ¶ 22.) On October 14, 2011, the *Ghiorso* defendants substituted attorneys, replacing
4   Hopkins & Carley with Trump, Alioto, Trump & Prescott, LLP. (*See Ghiorso*, Docket No. 178.)

5       Plaintiff alleges that Champion continued to monitor, finance, and assist the *Ghiorso*
6   defense. (4th Am. Compl. ¶ 24.) The case was tried in part to the court, and in part to a jury,
7   which returned a special verdict. (*Ghiorso*, Docket No. 247.) Subsequently, the court entered a
8   judgment (1) establishing Plaintiff as the owner of the trade secrets about the ingredients of the
9   ATS Resins; (2) determining that Thermalguard's resins are substantially identical to ATS Resins;
10  and (3) determining that Plaintiff is the owner of the trade secret information used to create
11  Thermalguard's resins. (4th Am. Compl. ¶¶ 27-28; *Ghiorso*, Docket Nos. 271, 273.) The
12  judgment enjoined the *Ghiorso* defendants "and anyone in active concert or in participation with
13  any of them" from using or buying Thermalguard resins that were derived from ATS's trade
14  secrets. (4th Am. Compl. ¶ 28(F); *Ghiorso*, Docket No. 271 at ¶¶ 56-57.) Plaintiff gave written
15  notice of the judgment in *Ghiorso* to Champion. (4th Am. Compl. ¶ 29.)

16  **B.    The Instant Litigation**

17      In the present case, Plaintiff alleges that "Champion's interests were identical to the
18  interests of the *Ghiorso* defendants in the *Ghiorso* case."[1] (4th Am. Compl. ¶ 24.) Plaintiff also
19  alleges the *Ghiorso* defendants acted as agents for Champion, and that as a result of Champion's
20  actions, there was a privity of interest in the *Ghiorso* case between the *Ghiorso* defendants and
21  Champion. (4th Am. Compl. ¶ 26.) On this basis, Plaintiff sues Champion for declaratory relief
22  that under the doctrine of collateral estoppel, Champion is estopped from re-litigating in this case
23  issues previously tried in the *Ghiorso* case, including Plaintiff's ownership of the relevant trade
24  secrets and rights to enjoin others from buying, using or exploiting Thermalguard resins or selling

---

[1] ATS contends that the *Ghiorso* defendants and Champion shared the same objectives: "to defeat ATS' claims of ownership of trade secrets, to defeat ATS' claim that the *Ghiorso* defendants had misappropriated ATS' trade secrets, and to defeat ATS' requests for damages and injunctive relief arising from the *Ghiorso* defendants' misappropriations." (4th Am. Compl. ¶ 24.)

the Flame Shield product, which is believed to use Thermalguard resins. (4th Am. Compl. ¶ 58.) Plaintiff also seeks to enjoin Champion, Ghiorso, and three other defendants from using ATS Resins, Thermalguard resins, or resins derived from Plaintiff's trade secrets. (4th Am. Compl. ¶¶ 63, 64.) Finally, Plaintiff brings a cause of action against Champion for violation of the California Uniform Trade Secrets Act, California Civil Code § 3426(b)(1) *et seq.*, for misappropriation by acquisition. (4th Am. Compl. ¶¶ 65-66.)

**C.     The June 8, 2015 Discovery Order**

In March 2015, Plaintiff and Defendant Champion filed a joint discovery letter concerning Champion's intent to depose Plaintiff's current attorney Marc Shea, who also represented Plaintiff in *Ghiorso*.[2] [Docket No. 100.] Champion sought to depose Marc Shea to inquire about the settlement negotiations in *Ghiorso*. Plaintiff objected to the deposition on the grounds that depositions of opposing attorneys are disfavored.

On June 8, 2015, the court denied Champion's motion to compel Marc Shea to appear for deposition. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, No. 13-cv-02403-SI (DMR), 2015 WL 3561611, at *6 (N.D. Cal. June 8, 2015). In its opinion, the court reviewed the case law regarding depositions of attorneys. The court determined that even though Defendant sought to depose its opposing counsel, the ordinary discovery standards of Federal Rule of Civil Procedure 26 applied to the parties' dispute, rather than a heightened standard, because Defendant sought testimony about a closed case rather than the present case. *Id.* at *3-6. The court ultimately concluded that Champion could first obtain information "about the extent of Champion's involvement in *Ghiorso* . . . from other sources more convenient and less burdensome than through the disfavored practice of deposing opposing counsel." *Id.* at *6. The court also noted that "[a] number of witnesses experienced the settlement negotiations in *Ghiorso* firsthand, including Frank Ghiorso and the original and substitute counsel for the *Ghiorso* defendants," and observed that Plaintiff had indicated at the hearing that it planned to depose Frank Ghiorso and his original counsel John

---

[2] The court refers to Plaintiff's attorney as "Marc Shea" in this order to avoid confusion with Shea Tech.

4

Picone. *Id*. The court concluded that "Champion could do the same." *Id*. However, the court held that if Plaintiff called Marc Shea as a witness on the topic of the *Ghiorso* settlement negotiations, it must immediately make him available for deposition on that topic. *Id*. at *7.

### D.   Hopkins & Carley's Motion to Quash

On June 10, 2015, Plaintiff served a Rule 45 subpoena on Hopkins & Carley attorney John Picone, demanding he appear for deposition and seeking the production of five categories of documents.[3] (Coleman Decl. Ex. 6.) Hopkins & Carley now moves to quash the portion of the subpoena demanding that Picone appear for deposition. It argues that the subpoena is unduly burdensome because it seeks discovery that is available from more convenient and less burdensome sources. It also asks the court to sanction Plaintiff for failing to comply with its duty to avoid imposing an undue burden on a third party.

## II. Legal Standard

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject

---

[3] Plaintiff served a Rule 45 subpoena for documents on Hopkins & Carley in February 2015 that sought the production of documents similar to those requested in June 2015. (Coleman Decl. Ex. 4.) Hopkins & Carley states that it does not move to quash the February subpoena or the document production portion of the June subpoena at this time. (Mot. 4 n.4.)

5

to the subpoena." *Gonzales*, 234 F.R.D. at 680 (citation omitted).  The party who moves to quash a subpoena bears the "burden of persuasion" under Rule 45(c)(3).  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citations omitted).

## III. Discussion

Picone served as lead counsel for the *Ghiorso* defendants until October 2011.  Plaintiff seeks to depose Picone about two subjects.  First, Plaintiff intends to examine Picone "for the purpose of determining the extent to which Champion Fiberglass, Inc. intervened in the settlement negotiations" in *Ghiorso*.  (Coleman Decl. Ex. 7 (June 10, 2015 Ackerman email).)  Second, Plaintiff seeks to explore facts related to Hopkins & Carley's claim of attorney-client privilege regarding Picone's communications during the *Ghiorso* litigation with Haag and Larry George, who were counsel for Champion.  According to Plaintiff, Hopkins & Carley asserts that such communications are privileged pursuant to the common interest doctrine[4] and refuses to produce them.[5]  (Pl.'s Opp'n 3-4.)

As a preliminary matter, as with the parties' dispute regarding Champion's request to depose Marc Shea, neither Plaintiff nor Hopkins & Carley addresses the propriety of discovery or discussion of the contents of confidential settlement negotiations.  *See ATS Prods., Inc.*, 2015 WL 3561611, at *3.[6]  Since the parties have not raised the issue, the court will not address it.[7]

---

[4] California recognizes the "common interest" doctrine, "appropriately characterized . . . as a nonwaiver doctrine."  *OXY Res. Cal. LLC v. Superior Court*, 115 Cal. App. 4th 874, 889 (2004).  The doctrine "allows disclosure between parties, without waiver of privileges, of communications protected by the attorney-client privilege or attorney work-product doctrine where the disclosure is necessary to accomplish the purpose for which the legal advice was sought."  *Citizens for Ceres v. Superior Court*, 217 Cal. App. 4th 889, 914 (2013) (citation omitted).

[5] As noted above, the parties' dispute about Hopkins & Carley's assertion of privilege with respect to documents subpoenaed by Plaintiff is not before the court.

[6] The parties in *Ghiorso* participated in at least two in-person settlement conferences before Magistrate Judge Grewal as well as follow-up telephonic settlement discussions.  (*See Ghiorso*, Docket Nos. 66, 174, 175, 176.)  ADR Local Rule 7-5 governs the confidentiality of settlement conferences conducted by judicial officers.  It provides that "this court, the settlement judge, all counsel and parties, and any other persons attending the settlement conference shall treat as 'confidential information' the contents of any written settlement conference statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any settlement conference."  ADR L.R. 7-5(a).  "'[C]onfidential information' shall not be . . . [u]sed for any purpose, including impeachment, in any pending or future proceeding in this court."  ADR L.R. 7-5(a)(3).  There are three exceptions to

1    As to Plaintiff's intent to depose Picone regarding claims of attorney-client privilege, Hopkins & Carley does not dispute that this information is relevant. Instead, it asserts that Plaintiff has already noticed the depositions of several other party and non-party witnesses with knowledge relevant to the subject, including Ghiorso, Haag, and Champion. Citing Rule 45(d)(1), Hopkins & Carley argues that deposing Picone poses an undue burden since the information sought may be obtained from those more convenient, less burdensome sources. Its position appears to be that deposing Picone is inherently burdensome and inconvenient due to his status as former counsel for the *Ghiorso* defendants. (Mot. 7.)

    The only case Hopkins & Carley cites in support of its position is this court's previous order denying Champion's motion to compel Plaintiff to produce Marc Shea for deposition, arguing that this court has recognized that deposing counsel raises "collateral disputes about attorney client and work product objections, and could chill communications between the client and the attorney." (Mot. 7 (quoting *ATS Prods., Inc.*, 2015 WL 3561611, at \*6).) However, Hopkins & Carley ignores the context for the court's statement, which was a discussion of the reasons for "a heightened test for depositions of opposing counsel on matters relating to the pending case." *ATS Prods., Inc.*, 2015 WL 3561611, at \*6 (discussing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The court went on to state that such concerns "are less pronounced when . . . the subject matter of the deposition of opposing counsel is not his conduct in the pending case *but his percipient knowledge of the events surrounding a prior concluded litigation.*" *Id.* (emphasis added). Here, Picone is former counsel, not current opposing counsel, and Plaintiff seeks to depose him regarding matters pertaining to *Ghiorso*, a prior matter. Therefore, Picone is simply a percipient witness, and the court's order regarding Marc Shea is distinguishable. Hopkins & Carley offers no other reason why Plaintiff's deposition of Picone is

---

confidentiality, none of which are discussed by the parties. ADR L.R. 7-5(b).

[7] Plaintiff makes the unsupported assertion that only Picone and Marc Shea were party to one of the relevant conversations about settlement in *Ghiorso*; thus, Picone is the only source for this information other than Marc Shea himself. (Pl.'s Opp'n 3.) Even if Plaintiff had submitted evidence to support this claim, the court declines to consider Plaintiff's argument for the same reasons described above; i.e., neither Plaintiff nor Hopkins & Carley addresses the propriety of discovery of confidential settlement negotiations.

7

unduly burdensome. Accordingly, the court finds that Hopkins & Carley has failed to meet its burden to show why the deposition subpoena should be quashed.

Hopkins & Carley asks that in the event the court orders Picone's deposition, it order that Picone be reasonably compensated at his normal hourly rate for the duration of the deposition and that the deposition be limited to two hours. To support this request, Hopkins & Carley cites Rule 45(d)(3)(C)(ii) ("In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party . . . ensures that the subpoenaed person will be reasonably compensated."). However, Rule 45(d)(3)(C)(ii), by its own terms, only applies to "circumstances described in Rule 45(d)(3)(B)." Those circumstances, which pertain to subpoenas which call for disclosure of trade secrets or an unretained expert's opinions, do not apply here. Therefore, Hopkins & Carley's request that Picone be compensated for appearing for deposition is denied.

### IV. Conclusion

For the foregoing reasons, Hopkins & Carley's motion to quash Plaintiff's subpoena is denied. John V. Picone III shall appear for deposition on a date that is mutually agreeable to the parties. Such deposition shall not exceed two hours.

**IT IS SO ORDERED.**

Dated: September 14, 2015



Judge Donna M. Ryu
United States Magistrate Judge