1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ATS PRODUCTS, INC.,

Plaintiff,

v.

CHAMPION FIBERGLASS, INC., *et al*.,

Defendants.

Case No.  13-cv-02403-SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

On September 24, 2015, the Court held a hearing on plaintiff's motion for a temporary restraining order.  For the reasons set forth below, the Court GRANTS the motion.  Pursuant to Federal Rule of Civil Procedure 65(d), plaintiff shall post a bond in the amount of $100,000.

The Court will hold a hearing at **10:00 a.m. on October 8, 2015**, on plaintiff's request for a preliminary injunction.  The parties are directed to meet and confer regarding whether there is a more efficient alternative to a second round of briefing.  If the parties do not propose an alternative to a second round of briefing, defendants' opposition to the preliminary injunction request is due by **noon on October 1, 2015**, and plaintiff's reply is due by **3:00 p.m. on October 5, 2015**.

**DISCUSSION**

Plaintiff seeks a temporary restraining order against defendants Champion Fiberglass, Inc., Frank Ghiorso, Louis Pilato, and TG-Solutions Global based upon defendants' misappropriation of ATS trade secrets, which also constitutes a violation of the January 2012 permanent injunction in

*ATS Products, Inc. v. Ghiorso et al.*, C 10-4880 BZ.  Plaintiff claims that defendants' new CR PRF resins were developed using ATS trade secrets, and that plaintiff will suffer irreparable injury if defendants continue to misappropriate and disseminate plaintiff's trade secrets.

"The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction."  *Burgess v. Forbes*, No. C 09-629 JF (HRL), 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009).  In order to obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits,  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted).

Based upon the record before the Court, including the record of *ATS Products, Inc. v. Ghiorso et al.*, C 10-4880 BZ, the Court finds that plaintiff has demonstrated that it is likely to succeed on the merits of its claims and that it will suffer irreparable harm if the Court does not grant temporary injunctive relief.  The evidence before the Court shows that there are numerous similarities between the CR and the ATS resin systems (and the Thermalguard resin system, which was found to be a misappropriation of the ATS resin system), including but not limited to the ratios of ingredients used and methods of cooking the ingredients.  *See generally* Joshi Reply Decl.

Defendants claim that Ghiorso independently developed the CR resin system based upon publicly available information and his own experimentation.  However, as plaintiff notes, Ghiorso claimed in the first case that he created the Thermalguard resins based on the same publicly available information, and that claim was rejected.  Ghiorso also states that he "put [the CR resin experimentation] work on hold for about a year [between early 2011 and early 2012] while the lawsuit filed against me by ATS proceeded. . . .  I [then] destroyed everything I had regarding ATS's formulations and processes, and the formulations and processes I had used to make Thermalguard Technology ('TG') Resins" before he renewed his experiments and before developing the CR resins.  Ghiorso Decl. ¶ 6.  However, the experimentation notes filed by Ghiorso describe experiments throughout 2011, including during the period Ghiorso states that he

2

was not conducting any experiments.  *See* Def's Sealed Ex. 1.

The Court also finds that plaintiff has shown irreparable harm for the reasons articulated by Judge Zimmerman in the first case, and that the balance of hardships favors the grant of temporary injunctive relief.  The Court further finds that a bond of $100,000 is sufficient to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.  The Court notes that defendants state that the "vast majority" of Champion's business, roughly 95%, is manufacturing conduit using epoxy based resins, and that only a very small percentage of its business involves the use of PRF resins.  Haag Decl., Dkt. 153-4, ¶ 2.

Accordingly, the Court finds that a temporary injunction should issue and ORDERS AS FOLLOWS:

1.      Champion Fiberglass, Inc., Frank Ghiorso, Louis Pilato, and TG-Solutions Global, LLC, and each of them, and each of their agents, servants and employees, and all persons acting under, in concert with, or for them, are restrained, enjoined and prohibited from buying, acquiring, copying, modifying, disclosing, manufacturing, making,  selling, shipping, disseminating, distributing, using, promoting, and/or marketing, in any way or assisting another in buying, acquiring, copying, modifying, disclosing, manufacturing, making, selling, shipping, disseminating, distributing, using, promoting, and/or marketing, in any way:

(A)      any of the formulations (i.e., specifications for the ingredients and their ratios, cooking methods, and/or lists identifying hardeners or fillers to be used in combination with the chemicals) for the phenolic resorcinol formaldehyde ("PRF") resins known or  named as:

(1)      The Mark V, Mark VI, and Mark VII resins (the "ATS PRF Resins")

(2)      The TG 1004 "resole", the TG 1009 dual batch, the TG 1009 single batch laminating resin, the TG 1074, and any and all variations thereof (the "Thermalguard PRF resins").

(3)      The CR1-126, the CR1-126-08, the CR1 Thermal Curing Co-Resin, the CR2 Thermal Curing Co-Resin, the CR RR01 resin (collectively, the "CR PRF Resins"); and/or

United States District Court
Northern District of California

1    (4)    Any resins derived therefrom or related thereto (individually, and

2    collectively, altogether, hereafter the "Identified PRF Resins").

3    (B)    any of the Identified PRF Resins.

4    (C)    any product(s)  built with, or planned to be built with, any of the Identified

5    PRF Resins.

6    2.    Champion Fiberglass, Inc., Frank Ghiorso, Louis Pilato, and TG-Solutions Global,

7    LLC, and each of them, and each of their agents, servants and employees, and all persons acting

8    under, in concert with, or for them, are ordered, no later than October 2, 2015,  to:

9    (A)    Turn over all copies of the resin formulations for each Identified PRF

10   Resins to their attorneys, who shall treat said information as Highly Confidential/Attorneys' Eyes

11   Only under this Court's Protective Order (Dkt. 39) pending further order of the Court.

12   (B)    Create an inventory specifying the quantities of Identified PRF Resins

13   possessed by, under the control of, and/or ordered by, that person; stating where those resins are

14   currently, by name and address of location; and filing that inventory with the Court,

15   (C)    Place all Identified Resins listed in the inventory in a secure, locked

16   location, such that no one gains access to them or uses them pending further order of this Court.

17   (D)    Certify that he or it has taken the steps identified in paragraphs 2(A)-(C)

18   above and file said certification with the Court.

19   (E)    Not attempt to develop, buy, acquire, purchase and/or use any PRF Resin

20   formulation and/or any PRF Resin without first disclosing the intent to do so to ATS and obtaining

21   ATS' written approval to do so (which approval shall not be unreasonably withheld by ATS).  In

22   the event that ATS does not provide that approval, then each defendant may petition this Court for

23   such approval, with notice to ATS, by establishing to the Court's satisfaction that such PRF Resin

24   formulation and/or PRF Resin is not based upon a misappropriation of ATS' Trade Secrets.

25   3.    This order shall remain in effect until the Court rules on the request for a

26   preliminary injunction, or until the Court enters another order on this subject, whichever occurs

27   first.

28   Defendants are hereby ordered to appear in this Court **on October 8, 2015, at 10:00 a.m.**

United States District Court
Northern District of California

to show cause why the temporary injunction set forth above should not be made a preliminary injunction during the pendency of this case.

**IT IS SO ORDERED**.

Dated: September 25, 2015

SUSAN ILLSTON
United States District Judge