UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAMPION FIBERGLASS, INC., *et al*.,<br><br>    Defendants. | Case No. 13-cv-02403-SI<br><br>**ORDER GRANTING DEFENDANT CAPITAL RESIN'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 168 |

Now before the Court is defendant Capital Resin Corporation's motion to dismiss. Dkt. No. 168. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for October 30, 2015. Having carefully considered the papers submitted, the Court hereby GRANTS Capital Resin Corporation's motion to dismiss, with leave to amend.

## BACKGROUND

### I.     Procedural Background

On May 28, 2013, ATS Products, Inc. ("ATS") filed suit against Champion Fiberglass, Inc. ("Champion") for (1) misappropriation of trade secrets, (2) conspiracy to misappropriate trade secrets, and (3) unfair competition. Dkt. 1. The claims generally revolved around a new phenolic resorcinol resin developed by Frank Ghiorso, a former employee of ATS' predecessor-in-interest, with trade secrets allegedly misappropriated from ATS. *Id.* On November 19, 2013, the Court granted in part and denied in part Champion's motion to dismiss the complaint. Dkt. 21. ATS filed an amended complaint on December 10, 2013. Dkt. 25. The Court granted in part and denied in part a second motion to dismiss on February 3, 2014. Dkt. 37. A second amended

complaint was filed on November 11, 2014, which was then subsequently amended on November 17, 2014. Dkts. 67, 71  On January 15, 2015, the Court granted in part and denied in part Champion's motion to dismiss the third amended complaint. Dkt. 93. On June 15, 2015, ATS filed its fourth amended complaint which incorporated another misappropriation claim against Champion and added several new defendants:  Frank Ghiorso, TG Solutions-Global, LLC ("TGSG"), Capital Resin Corporation ("Capital Resin"), and Louis Pilato. Fourth Amend. Compl. ("FAC," Dkt. 120). On September 23, 2015, Capital Resin brought the present motion to dismiss for failure to state sufficient facts to support a misappropriation claim against it. Dkt. 168. On September 25, 2013, the Court granted ATS's temporary injunction against Champion, Ghiorso, Pilato, and TGSG, enjoining them from utilizing various resins derived from allegedly misappropriated trade secrets, including new resins manufactured by Capitol Resin. Dkt. 172.

## II. Factual Background

In 2007, Ghiorso misappropriated a number of ATS trade secrets regarding phenolic-resorcinol-formaldehyde resin, which he later used to start a competing company to develop new fire-safe plastics. FAC ¶¶ 9, 13. ATS brought suit in the Northern District of California against Ghiorso and his newly formed companies. *Id.* ¶ 14. After a special jury verdict and bench trial, Judge Zimmerman entered a permanent injunction against Ghiorso prohibiting him from:

> Using, copying, modifying, disseminating, making, buying, selling, and/or distributing or assisting another in using, copying, modifying, disseminating, making, buying, selling and/or distributing:
>
> [¶¶]
>
> (d) Any of Defendants' PRF-type resins derived from any of the [ATS] trade secrets enumerated herein (set forth in Sealed Exhibit A), including the TG 1004 "resole", the TG 1009 dual batch, the TG 1009 single batch laminating resin, the TG 1074, and any and all variations thereof (the "Thermalguard PRF resins") . . . .

Findings of Fact, Conclusions of Law and Permanent Injunction ("Ghiorso Injunction") ¶ 57, *ATS Products Inc. v. Ghiorso*, No. 3:10-cv-04880 (N.D. Cal. Jan. 27, 2012), ECF No. 271.

ATS alleges that sometime in 2012 or 2013, Ghiorso used the aforementioned ATS trade secrets to develop an alleged new phenolic resorcinol resin. FAC ¶¶ 45-46. ATS alleges that in

December 2013, Champion, Ghiorso, Pilato, and TGSG asked Capital Resin to become a toll manufacturer for the alleged new resin. *Id.* ¶ 49. Defendants allegedly exchanged formulations amongst themselves for the new resin, worked together to refine those formulations, and began to market, promote, and sell the new resins. *Id.* ¶¶ 51-53. ATS alleges that as a result of these exchanges, each of the defendants came into possession of ATS' trade secrets and that the new resins are essentially just variations of the Thermalguard PRF resins or ATS resins. *Id.* ¶¶ 51-52. ATS also "alleges that each defendant knew or should have known that [Ghiorso] had misappropriated ATS Trade Secrets in allegedly creating the alleged new resin, and that each defendant knew or should have known that the alleged new resin revealed ATS Trade Secrets." *Id.* ¶ 50. ATS claims to have suffered harm from defendants' exploits of ATS' trade secrets. *Id.* ¶¶ 54-55.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As a general rule, the Court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district

3

1 court should grant leave to amend even if no request to amend the pleading was made, unless it
2 determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v.*
3 *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Under California law, misappropriation requires that the person know or have reason to know that the trade secret was acquired improperly. Cal. Civ. Code § 3246.1(b) (West 2012). Capital Resin argues that it should be dismissed from the present suit because ATS' complaint is "devoid of any facts as to how Capital Resin knew or should have known the formulation of the new resin was allegedly based on ATS' trade secrets." Dkt. 168 at 2. ATS argues in its opposition that a party is "allowed to make allegations based on information and belief" and that "the evidence at this stage of the proceedings shows not only that the 'known or should have known' allegation is 'plausibly true' but is actually true." Dkt. 183 at 6.

While a party may make allegations on information and belief, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Here, ATS alleges that defendants agreed for Capital Resin to become a toll manufacturer for the new resin and that they exchanged formulations amongst themselves for the new resin, worked together to refine those formulations, and began to market, promote, and sell the new resins. FAC ¶¶ 51-53. ATS also alleges that "each defendant knew or should have known that [Ghiorso] had misappropriated ATS Trade Secrets in allegedly creating the alleged new resin, and that each defendant knew or should have known that the alleged new resin revealed ATS Trade Secrets." *Id.* ¶ 50. But nowhere in its complaint does ATS allege any facts that would allow the Court to infer that Capital Resin knew or should have known that ATS' trade secrets were misappropriated. Instead, ATS only recites the elements of the claim with conclusory statements.

In its opposition, ATS asserts several new factual allegations that may suggest Capital Resin knew or should have known that the trade secrets were misappropriated.

> [A] toll resin manufacturer, such as Capital Resin, is in the day to day business of dealing with sensitive and valuable proprietary intellectual property rights, with a corresponding duty to investigate the bona fides of potential customers . . . asking it

4

to manufacture "proprietary" resin formulations to ensure those resin formulations are not stolen.

[¶¶]

. . . Capital Resin knew, in December 2013, that Ghiorso, Champion and/or Pilato had previously manufactured the "CR Resins" off-shore in Korea and China.

Dkt. 183 at 6-8. Yet, in deciding a Rule 12(b)(6) motion to dismiss, a court's "[r]eview is limited to the complaint." *Lee*, 250 F.3d at 688 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (alterations in original) (internal quotations omitted). Accordingly, the Court cannot consider any new factual assertions made by ATS in its opposition in deciding the motion to dismiss. Because the Court cannot consider any facts that ATS has not alleged in its complaint, the Court finds that ATS has failed to allege facts sufficient to support a misappropriation claim against defendant Capital Resin. Accordingly, the Fourth Claim for Relief for Misappropriation of Trade Secrets against Capital Resin is dismissed with leave to amend.

The Court also dismisses the Second Claim for Relief for Injunction against Capital Resin, with leave to amend, because the claim cannot stand alone without a viable cause of action. If ATS is able to allege facts sufficient to support a claim for misappropriation against Capital Resin, ATS may reallege this claim in its next amended complaint.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Capital Resin's motion to dismiss, with leave to amend its claims against Capital Resin. Plaintiff may file a Fifth Amended Complaint no later than **November 2, 2015.**

**IT IS SO ORDERED**.

Dated: October 28, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[1] Capital Resin contends that it is not subject to the Ghiorso Injunction because ATS has failed to allege that Capital Resin received notice of the injunction. Dkt. 190 at 3-4. Whether Capital Resin is subject to the Ghiorso injunction raises a factual question that is not appropriate for resolution at the pleading stage.